1  CHARLES S. CUSTER (SBN: 124270)
   *ccuster@gordonrees.com*
2  JON C. YONEMITSU (SBN: 199026)
   *jyonemitsu@gordonrees.com*
3  PAUL A. VACQUIER (SBN: 253740)
   *pvacquier@gordonrees.com*
4  GORDON & REES LLP
   Embarcadero Center West
5  275 Battery Street, Suite 2000
   San Francisco, CA  94111
6  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
7
   Attorneys for Defendant
8  UNITED RENTALS, INC.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | JUANNA SANCHEZ (an individual), JUANNA | CASE NO. CV 08 3332 EMC
   | SANCHEZ, as guardian ad litem for minor SUSANA |
13 | SAMAGUEY, SANDRA SAMAGUEY, JUAN | Case No. RG 08-371861 (Alameda
   | JESUS SAMAGUEY, GUILLERMINA ANDREA, | County Superior Court)
14 | and THE ESTATE OF JESUS SAMAGUEY, |
                                            **DEFENDANT UNITED RENTALS,**
15             Plaintiffs                   **INC.'S NOTICE OF MOTION TO**
                                            **DISMISS AND MEMORANDUM OF**
16       v.                                 **POINTS AND AUTHORITIES IN**
                                            **SUPPORT OF MOTION TO**
17 UNITED RENTALS, INC., DEERE AND          **DISMISS PURSUANT TO**
   COMPANY and Does 1 through 20,           **FEDERAL RULE OF CIVIL**
18                                          **PROCEDURE 12(b)(6)**
               Defendants
19                                          Date:  September 10, 2008
                                            Time:  10:30 a.m.
20                                          Judge: Edward M. Chen
                                            Courtroom: C, 15th Fl.
21
                                            Accompanying Papers:  Affidavit in
22                                          Support of Motion; [Proposed] Order

23                                          Complaint Filed On:  February 19, 2008

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 10, 2008 at 10:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant United Rentals, Inc. ("United Rentals") will and hereby does move the Court to dismiss the claims brought by plaintiff Juanna Sanchez ("Sanchez"), an individual in this matter, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is made on the grounds that Sanchez has failed to allege facts establishing she is a surviving spouse as determined under California Code of Civil Procedure ("CCP") Section 377.60. As Sanchez has failed to allege facts establishing she is a proper party to this lawsuit, she does not have standing to bring this wrongful death action against United Rentals. For failing to allege sufficient facts to state a claim upon which relief can be granted, Sanchez should be dismissed.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the Affidavit of Counsel and the pleadings and papers filed herein

## POINTS AND AUTHORITIES

This is a wrongful death lawsuit against United Rentals and Deere & Company ("Deere"). Jesus Samaguey was operating a John Deere tractor during the course of his employment when it allegedly rolled on top of him crushing him to death. It is alleged the tractor was defective thereby causing the accident. This Motion to Dismiss seeks to dismiss the causes of action asserted by Sanchez on the grounds she has failed to assert facts establishing proper standing as a spouse under CCP section 377.60. For such failure, Sanchez should be dismissed from this action pursuant to Federal Rules of Civil Procedure section 12(b)(6).

## ISSUE PRESENTED

Whether Sanchez, as the "common law wife" of decedent, has alleged sufficient facts to establish standing as a *surviving spouse* to assert a wrongful death lawsuit? United Rentals submits Sanchez has failed to allege she is a surviving spouse recognized under California to establish standing in this lawsuit.

Case 4:08-cv-03332-CW    Document 8    Filed 07/17/2008    Page 3 of 6

## THE COMPLAINT

According to the Complaint, United Rentals rented to decedent Jesus Samaguey ("Samaguey") and his employer a John Deere tractor. See Complaint at ¶ 10, attached as Exhibit "A" to the Affidavit of Counsel. Plaintiffs allege the tractor was manufactured and distributed by Deere. Id. While operating the tractor, it is alleged the tractor rolled over Samaguey causing fatal injuries. Complaint at ¶ 12. It is further alleged the tractor was defective and unsafe for its intended use at the time it rolled over onto Samaguey. Complaint at ¶ 20. Plaintiffs claim the defective nature of the tractor was the direct and proximate cause of the fatal injuries suffered by Samaguey. Complaint at ¶ 22. The Complaint's six causes of action against each defendant are premised upon the alleged defective nature of the tractor and the fatal injuries sustained by Samaguey. Each plaintiff asserts all six causes of action in the Complaint.

With regard to Sanchez, the Complaint contains a *single* sentence in support of standing for Sanchez as a proper plaintiff. That is simply, "Plaintiff Juanna Sanchez is the common law wife of Decedent Jesus Samaguey." Complaint at ¶ 2. This naked allegation, however, fails to allege, as Sanchez must, that the common law marriage she entered into with Samaguey was validly entered in a state other than California, recognizing common law marriages because California no longer recognizes common law marriages. *Rosales v. Battle* (2003) 113 Cal.App.4th 1178, 1183-84.

## PROCEDURAL STATUS

Plaintiffs filed this wrongful death lawsuit on February 19, 2008, in the Superior Court of California, County of Alameda, Alameda case number RG 08-371861. The Complaint and summons were served on defendants United Rentals and Deere on June 11, 2008. Pursuant to 28 U.S.C. sections 1441 and 1446, United Rentals timely filed a Notice of Removal to Federal Court on July 10, 2008. Deere simultaneously joined in the Notice of Removal. United Rentals timely filed this motion to dismiss.

## LEGAL ARGUMENT

**A.     A Motion to Dismiss is Appropriate**

"Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when it is clear

-3-

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS          Case No. CV 08 3332 EMC

1  that no relief could be granted under any set of facts that could be proven consistent with the
2  allegations set forth in the complaint." *Golden Day School, Inc. v. Pirillo,* 118 F.Supp.2d 1037,
3  1041 (C.D. Cal. 2000); Citing *Newman v. Universal Pictures,* 813 F.3d 1519, 1521-22 (9th
4  Cir.1987).  A motion to dismiss for failure to state a claim under Rule 12(b)(6) is proper where,
5  as here, the facts alleged in the complaint establish the plaintiff lacks standing.  *Sacks v. Office of*
6  *Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006) ("To survive a Rule 12(b)(6) motion
7  to dismiss, [plaintiff] must allege facts … that, if proven, would confer standing upon him.")
8  Specific to wrongful death actions, Sanchez must plead and prove her status as a surviving
9  spouse under California Code of Civil Procedure section 377.60.  *Nelson v. County of Los*
10 *Angeles* (2003) 113 Cal.App.4th 783, 789.[1]

As set forth below, Sanchez has failed to plead facts establishing she is a surviving spouse under California law to have standing to bring this wrongful death lawsuit.  For this failure, Sanchez should be dismissed from this lawsuit.

**B.  Sanchez Has Failed To Allege Facts Establishing She Is A *Surviving Spouse* With Standing To Sue Under California Law**

Sanchez presumes she is entitled to bring this lawsuit because she is the "common law wife" to Samaguey.  California courts, however, restrict the ability of certain spouses of common law marriages to assert standing in wrongful death actions, as in this case.

In California, a wrongful death action is purely a creature of statute.  *Rosales*, *supra*, 113 Cal.App.4th at 1182.  Only those persons expressly set forth in CCP section 377.60 have standing to maintain a wrongful death action.  See *Holguin v. Flores* (2004) 122 Cal.App.4th 428, 437-38.  Eligible section 377.60 claimants include a *surviving spouse*, a domestic partner and putative spouses, among other persons.  Because Sanchez does not allege she is the domestic partner or putative spouse of Samaguey, she does not rely on such designations as a basis for which she claims standing in this case.  Therefore, it can be reasonably inferred from the Complaint that Sanchez asserts standing as a "surviving spouse*"* based on her common law

---

[1] This Court should apply California law in considering this Motion as this case arises from circumstances occurring in this Court's jurisdiction and this matter is properly before the Court under diversity jurisdiction.  *Erie Railroad v. Tompkins* (1983) 304 U.S. 64.

-4-

marriage to Samaguey.

California abolished common law marriages in 1895. *Centinela Hospital Medical Center v. Superior Court* (1989) 215 Cal.App.3d 971, 974. Nevertheless, California courts have held that parties to a common law marriage contracted in another state recognizing common law marriages are deemed lawful spouses in California, with standing to sue as a *surviving spouse* under section 377.60. *Rosales, supra*, 113 Cal.App.4th at 1183-84. For those marriages not recognized as a valid marriage by the jurisdiction where it was contracted, however, California courts do not recognize such marriages as being valid. <u>In such circumstances, neither party to the invalid marriage has standing to sue for the wrongful death of the other as a *surviving spouse*</u>. *Id*. at 1184.

In *Rosales*, the Court of Appeal found the plaintiff, the alleged spouse of decedent, would have had standing to bring a wrongful death claim as a spouse in California had the plaintiff been able to prove the existence of a valid common law marriage in another jurisdiction. *Rosales, supra*, 113 Cal.App.4th at 1182-84. The evidence on record showed the plaintiff was only the decedent's "concubine," which did not grant plaintiff rights equal to a common law wife. *Id*. Based on that, the Court of Appeal ruled the plaintiff was unable to establish a valid common law marriage in another jurisdiction and dismissed plaintiff's claims for lack of standing. *Id*.

Here, Sanchez fails to allege, as she must, that her claimed common law marriage with Samaguey was contracted in a state recognizing common law marriages. Absent such a showing, the marriage between Sanchez and Samaguey is invalid as a matter of law in California. According to *Rosales*, because Sanchez is a party to an invalid marriage, she does not have standing to sue for the wrongful death of Samaguey as a surviving spouse. Therefore, Sanchez should be dismissed from this case for failing to allege facts sufficient to state a claim against United Rentals for lack of standing.

////

////

////

////

## CONCLUSION

Sanchez has not alleged facts sufficient to establish she is a proper party under California law. Therefore, Sanchez should be dismissed from this lawsuit.

Dated: July 17, 2008                                GORDON & REES LLP


By: _____/ s /_____
    CHARLES S. CUSTER
    JON C. YONEMITSU
    PAUL A. VACQUIER
    Attorneys for Defendant
    UNITED RENTALS, INC.