1  CHARLES S. CUSTER (SBN: 124270)
   *ccuster@gordonrees.com*
2  JON C. YONEMITSU (SBN: 199026)
   *jyonemitsu@gordonrees.com*
3  PAUL A. VACQUIER (SBN: 253740)
   *pvacquier@gordonrees.com*
4  GORDON & REES LLP
   Embarcadero Center West
5  275 Battery Street, Suite 2000
   San Francisco, CA  94111
6  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
7
   Attorneys for Defendant
8  UNITED RENTALS, INC.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  JUANNA SANCHEZ (an individual), JUANNA )   CASE NO. CV 08 3332 EMC
    SANCHEZ, as guardian ad litem for minor SUSANA )
    SAMAGUEY, SANDRA SAMAGUEY, JUAN )            Case No. RG 08-371861 (Alameda
14  JESUS SAMAGUEY, GUILLERMINA ANDREA, )        County Superior Court)
    and THE ESTATE OF JESUS SAMAGUEY,       )
15                                          )    **AFFIDAVIT OF COUNSEL IN**
                      Plaintiffs            )    **SUPPORT OF MOTION TO**
16                                          )    **DISMISS PURSUANT TO**
         v.                                 )    **FEDERAL RULE OF CIVIL**
17                                          )    **PROCEDURE 12(b)(6)**
    UNITED RENTALS, INC., DEERE AND         )
18  COMPANY and Does 1 through 20,          )    Date:  September 10, 2008
                                            )    Time:  10:30 a.m.
19                    Defendants            )    Judge: Edward M. Chen
                                            )    Courtroom: C, 15th Fl.
20                                          )
                                            )    Accompanying Papers:  Notice and
21                                          )    Memorandum of Points and Authorities
                                            )    in Support of Motion; [Proposed] Order
22                                          )
                                            )    Complaint Filed On:  February 19, 2008
23                                          )

24       I, Jon C. Yonemitsu, hereby declare as follows:

25       1.   I, Jon C. Yonemitsu, am an attorney at the law firm of Gordon & Rees LLP,

26  counsel for defendant United Rentals, Inc. ("United Rentals") in the above-captioned matter.  I

27  am in good standing to practice law before the United States District Court of the Northern

28  District of California and all courts in the State of California.  I have personal knowledge of the

1  matters contained herein and if so called, I could competently testify to the matters set forth
2  herein.
3    2.  Plaintiff Juanna Sanchez, among other plaintiffs, filed a lawsuit asserting claims
4  for wrongful death in the Superior Court of California on February 19, 2008.  A true and correct
5  copy of the complaint is attached hereto as Exhibit "A."
6    3.  United Rentals was served with the Summons and Complaint on June 11, 2008.
7    4.  Shortly after being served, the undersigned's office left a voice message with
8  plaintiffs' counsel in an attempt to meet and confer regarding the standing of plaintiff Juanna
9  Sanchez.
10    5.  On June 27, 2008, correspondence was sent to counsel for plaintiffs in an attempt
11 to further meet and confer with plaintiffs' counsel concerning the standing of plaintiff Juanna
12 Sanchez.  A true and correct copy of the June 27, 2008 letter is attached as Exhibit "B."  The
13 undersigned has not received a response from plaintiffs' counsel regarding the standing issues
14 raised by the above meet and confer efforts.
15    6.  On July 10, 2008, on behalf of United Rentals, Inc., a timely Notice of Removal
16 and supporting papers was filed with this Court based on federal diversity jurisdiction.
17 Defendant Deere & Company joined the Notice of Removal.
18    I declare under the penalty of perjury of the laws of the United States and the State of
19 California that the foregoing is true and correct and based on my personal knowledge.  Executed
20 on July 17, 2008, at San Francisco, California.

                                    GORDON & REES LLP


                                    By:       / s /
                                       JON C. YONEMITSU
                                       Attorneys for Defendant
                                       UNITED RENTALS, INC.

-2-
AFFIDAVIT OF COUNSEL IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)                Case No. CV 08 3332 EMC

# EXHIBIT "A"



ROBERT E. CARTWRIGHT, JR., ESQ. (SBN: 104284)
MATTHEW J. QUINLAN, ESQ. (SBN: 236507)
THE CARTWRIGHT LAW FIRM, INC.
222 Front Street, Fifth Floor
San Francisco, CA 94111
Telephone: (415) 433-0444
Fax: (415) 433-0449

FILED
ALAMEDA COUNTY

2008 FEB 19 PM 12: 40

CLERK OF THE ...
BY _____

Attorneys for Plaintiffs Juanna Sanchez, Sandra Samaguey, Juan Jesus Samaguey, Susana Samaguey, Guillermina Andrea, and The Estate of Jesus Samaguey

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JUANNA SANCHEZ (an individual), JUANNA SANCHEZ (as Guardian ad Litem for minor SUSANA SAMAGUEY), SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, and THE ESTATE OF JESUS SAMAGUEY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED RENTALS, INC. (a corporation); DEERE AND COMPANY (a corporation); and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. G08 - 371861<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Personal Injuries; Negligence, Strict Products Liability-Design Defect, Strict Products Liability-Failure to Warn, Breach of Express Warranty, Breach of Implied Warranty, Wrongful Death)<br><br>(Jury Trial Demanded) |

Comes now JUANNA SANCHEZ (an individual), JUANNA SANCHEZ (as Guardian ad Litem for minor SUSANA SAMAGUEY), SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, and THE ESTATE OF JESUS SAMAGUEY, (hereinafter "Plaintiffs"), by and through their attorneys The Cartwright Law Firm, Inc., and submit this Complaint for Damages against the above-named Defendants.

COMPLAINT FOR DAMAGES        Page 1

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiffs were residents of the State of California.

2. Plaintiff Juanna Sanchez is the common law wife of Decedent Jesus Samaguey.

3. Plaintiffs Sandra Samaguey, Juan Jesus Samaguey, Susana Samaguey and Guillermina Andrea are the children of Decedent Plaintiff Jesus Samaguey.

4. Plaintiff is informed and believes, and thereon alleges that Defendant UNITED RENTALS, INC. is a corporation duly licensed to do business, and was doing business, under and by virtue of the laws of the state of California.

5. Plaintiff is informed and believes, and thereon alleges that Defendant DEERE AND COMPANY is a corporation duly licensed to do business, and was doing business, under and by virtue of the laws of the state of California.

6. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these Defendants by fictitious names. Plaintiffs will amend this complaint to allege the true names and/or capacities of these Defendants when ascertained. Plaintiffs are informed, believe and thereon allege that each of the fictitiously named Defendants is legally responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the Defendants' negligence.

7. At all times mentioned in this cause of action Defendants DOES 1 through 20 placed into the stream of commerce by manufacturing, compounding, packaging, designing, fabricating, distributing, labeling, testing, analyzing, recommending, merchandising, advertising, inspecting, promoting, warranting, preparing, renting, and selling John Deere Tractors to the general public. Further, at all times mentioned herein, each and every one of these defendants was the agent, employee, associate, partner, joint venturer, franchisee, and/or subsidiary, of each of the other defendants and was at all times acting within the scope of that relationship.

8. At all relevant times hereto Defendants DOES 1 through 20 were individuals,

COMPLAINT FOR DAMAGES   Page 2

partnerships, corporations, business associations, governments, or other types of associations and/or entities, and were either residents of the State of California or were subject to the jurisdiction of the State of California.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SUSANA SAMAGUEY, SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANTS, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) AND ALLEGE AS FOLLOWS:

9. Plaintiffs incorporate by reference all of the allegations set forth above.

10. On or about May 20, 2006, Defendant UNITED RENTALS, INC. rented to Plaintiff Decedent Jesus Samaguey and his employer a certain John Deere tractor, identified as model No. 4310. The tractor was manufactured and distributed by Defendant DEERE AND COMPANY.

11. Defendants, and each of them, owed a duty of care to Plaintiffs to ensure that their products and services were safe for ordinary consumer use.

12. Defendants, and each of them, so carelessly and negligently manufactured, compounded, packaged, designed, fabricated, distributed, labeled, tested, analyzed, recommended, merchandised, inspected, advertised, promoted, warranted, prepared, rented and/or sold said John Deere tractor so as to cause Decedent Plaintiff, while operating the tractor, to be crushed by the tractor as it rolled completely over him, resulting in his death.

13. The negligence, recklessness and other wrongful acts of Defendants, and each of them, were a direct and proximate cause of the death of Decedent Plaintiff Jesus Samaguey, and

were thus a direct and proximate cause of damages to Plaintiffs Juanna Sanchez, Sandra Samaguey, Juan Jesus Samaguey, Susana Samaguey and Guillermina Andrea.

14. Plaintiffs have been generally damaged in a sum in excess of the jurisdictional limits of the Superior Court.

15. Plaintiffs have lost pre-judgment interest pursuant to Civil Code §3291, the exact amount of which Plaintiffs pray leave to insert herein when finally ascertained.

16. Plaintiffs herein anticipate the filing of an Offer to Compromise pursuant to Code of Civil Procedure §998 and, upon filing of said offer, are entitled to interest on the amount of any judgment obtained in favor of Plaintiffs, provided said judgment exceeds the amount stated in said Offer, said interest to be computed from the date of filing of said Offer to Compromise.

17. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiffs have incurred damages attributable to an ascertainable economic value, as herein alleged. Plaintiffs are thus entitled to prejudgment interest on said damages attributable to an ascertainable economic value pursuant to Civil Code §3288.

Wherefore Plaintiffs pray judgment against Defendants, and each of them, as hereinafter alleged.

## SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY-DESIGN DEFECT)

FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SUSANA SAMAGUEY, SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANT DEERE AND COMPANY AND DOES 1 THROUGH 10, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY-DESIGN DEFECT AND ALLEGE AS FOLLOWS:

18. Plaintiffs incorporate by reference all of the allegations set forth above.

19. Defendants, and each of them, manufactured, compounded, packaged, designed, fabricated, distributed, labeled, tested, analyzed, recommended, merchandised, advertised, promoted, inspected, warranted, prepared, rented and/or sold said John Deere tractor, which was intended to be used by the general public.

20. Said tractor was defective and unsafe for its intended use, and for any other foreseeable uses, by reason of defects in its design, including, but not limited to the design as pertaining to protection for the driver. Said tractor failed to perform in the manner that an ordinary consumer would expect.

21. Defendants, and each of them, knew, or by the application of reasonably developed human skill and foresight, should have known, that said subject tractor was unsafe and inherently defective.

22. As a direct and proximate result of the above mentioned defects in the subject tractor, Decedent Plaintiff Jesus Samaguey suffered death. This occurred even though Decedent Plaintiff Jesus Samaguey was using the product in a reasonably foreseeable manner.

23. As a direct and proximate result of the aforementioned defective design by the Defendants, resulting in the death of Plaintiff Decedent Jesus Samaguey, Plaintiffs, and each of them, have suffered injuries, damages, loss, and harm as alleged in this Complaint.

Wherefore Plaintiffs pray judgment against Defendants, and each of them, as hereinafter alleged.

### THIRD CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY-FAILURE TO WARN)

FOR A THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SUSANA

SAMAGUEY, SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANT DEERE AND COMPANY AND DOES 1 THROUGH 10, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY-FAILURE TO WARN AND ALLEGE AS FOLLOWS:

24. Plaintiffs incorporate by reference all of the allegations set forth above.

25. Defendants, and each of them, manufactured, compounded, packaged, designed, fabricated, distributed, labeled, tested, analyzed, recommended, merchandised, advertised, promoted, inspected, warranted, prepared, rented and/or sold said John Deere tractor, which was intended to be used by the general public. Defendants, by placing this product into the stream of commerce, had a duty to warn consumers, including Plaintiff Decedent Jesus Samaguey, of the product's known or knowable risks.

26. Defendants, and each of them, failed to warn of the risks inherent in the use and operation of the tractor, including but not limited to the risk associated with operating the tractor while on an incline.

27. Defendants, and each of them, knew, or should have known of the risks inherent in the use and operation of the tractor and failed to warn of such risks.

28. As a direct and proximate result of the failure to warn concerning the subject tractor, Decedent Plaintiff Jesus Samaguey suffered death.

29. As a direct and proximate result of the aforementioned actions and inactions of the Defendants, resulting in the death of Plaintiff Decedent Jesus Samaguey, Plaintiffs, and each of them, have suffered injuries, damages, loss, and harm as alleged in this Complaint.

Wherefore Plaintiffs pray judgment against Defendants, and each of them, as hereinafter alleged.

## FOURTH CAUSE OF ACTION
## (BREACH OF EXPRESS WARRANTY)

FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SUSANA SAMAGUEY, SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANTS, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY AND ALLEGE AS FOLLOWS:

30. Plaintiffs incorporate by reference all of the allegations set forth above.

31. At all times herein mentioned, in and prior to 2006, Defendants, and each of them, utilized advertising media and other means to urge the sale, rental and use of the subject John Deere tractor, and expressly warranted to Plaintiffs and members of the general public that the said tractor was effective, proper, warranted, and safe for their intended use.

32. Such express warranty constituted an affirmation of fact, promise, description and/or sample as provided in Uniform Commercial Code Section 2313 (hereinafter referred to as UCC Section 2313). This express warranty accompanied the rental of the subject tractor to Plaintiffs and the general public, and became part of the rental contract and basis of the bargain. Plaintiffs relied on this express warranty.

33. Defendants breached this express warranty. The subject tractor contained defects so that it was not fit for the ordinary purposes for which it was to be used. The subject tractor also did not conform to the affirmation of facts and promises which were represented to the consumer.

34. It is alleged on information and belief that, within a reasonable time thereafter, Plaintiffs gave Defendants, and each of them, actual or constructive notice of Defendants' said breach, as prescribed by UCC Section 2607.

35. As a proximate result of said defects in said tractor, resulting in the breach of express warranty by Defendants, and each of them, Plaintiffs were damaged in an amount to be proven at trial.

36. As a direct and proximate result of the aforementioned actions and inactions of Defendants, Decedent Plaintiff Jesus Samaguey died, and as a result Plaintiffs suffered damages, loss, and harm as alleged in this Complaint.

Wherefore, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter alleged.

## FIFTH CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY)

FOR A FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SUSANA SAMAGUEY, SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANTS, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY AND ALLEGE AS FOLLOWS:

37. Plaintiffs incorporate by reference all of the allegations set forth above.

38. At all times mentioned, Defendants, and each of them, were and are the manufacturers, sellers and/or rental companies of the subject John Deere tractor (i.e., merchants with respect to goods of that kind [as defined in UCC Section 2104(1)]). Plaintiffs were the buyers and/or users of the goods purchased from Defendants.

39. Defendants, and each of them, impliedly warranted to Plaintiffs that the said tractor was of merchantable quality. Such warranty was implied in the contract for rental of the subject tractor to Plaintiffs.

40. Said John Deere tractor was not of merchantable quality as warranted by Defendants, and each of them, in that it was not fit for the ordinary purposes for which such tractor is used, as well as the purpose for which it was represented. Thus, Defendants breached the implied warranty of merchantability.

41. It is alleged on information and belief that, within a reasonable time thereafter, Plaintiffs gave Defendants, and each of them, actual or constructive notice of Defendants' said breach, as prescribed by UCC Section 2607.

42. As a proximate result of said defects in said tractor, resulting in the breach of implied warranty of merchantability by Defendants, and each of them, Plaintiffs were damaged in an amount to be proven at trial.

43. As a direct and proximate result of the aforementioned actions and inactions of Defendants, Decedent Plaintiff Jesus Samaguey died, and as a result Plaintiffs suffered damages, loss, and harm as alleged in this Complaint.

44. As a further proximate result of the rental/distribution of the said tractor, resulting in the breach of implied warranty of merchantability by Defendants, as alleged above, Plaintiffs have incurred, and will incur legal expenses, the full nature and extent of which are not yet known to Plaintiffs. Leave is therefore requested to amend this Complaint to conform to proof and to plead the amount of attorney's fees and costs at the time of trial.

Wherefore, Plaintiffs pray judgment against Defendants, and each of them, as hereinafter alleged.

## SIXTH CAUSE OF ACTION
## (WRONGFUL DEATH)

FOR A SIXTH, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFFS JUANNA SANCHEZ, JUANNA SANCHEZ, AS GUARDIAN AD LITEM FOR MINOR SANDRA SAMAGUEY, JUAN JESUS SAMAGUEY, GUILLERMINA ANDREA, AND THE ESTATE OF JESUS SAMAGUEY COMPLAIN OF DEFENDANTS, AND EACH OF THEM, FOR A CAUSE OF ACTION FOR WRONGFUL DEATH AND ALLEGE AS FOLLOWS:

45. Plaintiffs incorporate by reference all of the allegations set forth above.

46. Defendants owed a duty to Plaintiffs to exercise due care, including but not limited to, care in their manufacturing, compounding, packaging, design, fabrication, distribution, labeling, testing, analysis, recommendation, merchandising, advertising, inspection, promotion, warranting, preparation, selling and/or rental of said John Deere tractor.

47. Defendants negligently, recklessly, in violation of California law, breached their duty of care to Plaintiffs by failing to exercise the above described standards, thereby causing the aforementioned death.

48. The negligence, recklessness and other wrongful acts of Defendants were a direct and proximate cause of the death of Decedent Plaintiff Jesus Samaguey, and were thus a direct and proximate cause of damages to Plaintiffs.

49. As a result of the negligence, recklessness, and other wrongful acts of Defendants, and each of them, Decedent Plaintiff Jesus Samaguey suffered death and Plaintiffs Juanna Sanchez, Sandra Samaguey, Juan Jesus Samaguey, Susana Samaguey and Guillermina Andrea suffered extraordinary losses and damages as a result of Decedent Plaintiff Jesus Samaguey's death.

Wherefore, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. General damages in an amount to be determined according to proof;

2. Medical and incidental expenses according to proof;

3. Interest on the amount of judgment commencing from the filing of an offer to compromise pursuant to C.C.P. §998;

4. Prejudgment interest on those damages attributable to an ascertainable economic value;

5. Costs of suit herein;

6. Such other and further relief as the court may deem proper.

DATED: February 14, 2008

THE CARTWRIGHT LAW FIRM, INC.

By: *[signature]*
ROBERT E. CARTWRIGHT, JR., ESQ.
*Attorneys for Plaintiffs Juanna Sanchez, Sandra Samaguey, Juan Jesus Samaguey, Susana Samaguey and Guillermina Andrea and The Estate of Jesus Samaguey*

EXHIBIT "B"

CHARLES S. CUSTER
CCUSTER@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
PHONE: (415) 986-5900
FAX: (415) 986-8054
WWW.GORDONREES.COM

June 27, 2008

**VIA FACSIMILE & U.S. MAIL**

Robert Cartwright, Jr.
Cartwright Law Firm
222 Front Street, 5th Floor
San Francisco, CA, 94111

Re:   Juana Sanchez, et al. vs. United Rentals, Inc., et al

Dear Rob:

As I advised in my voice message, our office has been retained by United Rentals Northwest, Inc. in this case. Please call me as a few procedural matters need to be discussed. First, the proper party defendant should be United Rentals Northwest, Inc. rather than United Rentals, Inc. The equipment involved in this case was rented from the Dublin branch of United Rentals Northwest, Inc. We can provide information you need to satisfy any questions you may have regarding this issue.

Based upon the current allegations of complaint, plaintiff Juanna Sanchez, does not appear to have standing to assert individual claims in this case as California no longer recognizes common law marriages. We would like to meet and confer on this issue before challenging your pleading.

Please contact me or my partner Jon Yonemitsu to discuss these issues.

Very truly yours,

GORDON & REES LLP

Charles S. Custer

CSC:tj

URENT/1049905/5768003v.1

SAN FRANCISCO ♦ SAN DIEGO ♦ LOS ANGELES ♦ ORANGE COUNTY ♦ SACRAMENTO ♦ PORTLAND ♦ SEATTLE
LAS VEGAS ♦ PHOENIX ♦ DENVER ♦ DALLAS ♦ HOUSTON ♦ CHICAGO ♦ NEW YORK ♦ LONG ISLAND ♦ NEWARK

```
Confirmation Report - Memory Send

                                    Page        : 001
                                    Date & Time : Jun-27-08  09:41am
                                    Line 1      : 415 986 8054
                                    Line 2      :
                                    Machine ID  : GORDON & REES, LLP 3

Job number          :  790

Date                :  Jun-27  09:40am

To                  :  ☎##522383#4330449#

Number of pages     :  002

Start time          :  Jun-27  09:40am

End time            :  Jun-27  09:41am

Pages sent          :  002

Status              :  OK

Job number   : 790              *** SEND SUCCESSFUL ***
```

## FACSIMILE TRANSMISSION

### GORDON & REES LLP

ATTORNEYS AT LAW
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

**DATE:** June 27, 2008

**TO:**

| NAME | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|
| Robert Cartwright, Jr. | Cartwright Law Firm | (415) 433-0449 | (415) 433-0444 |

**FROM:** Charles S. Custer

**SENDER INFORMATION (NAME / USER ID / EXTENSION):** jamie/1690/3372

| FILE NO.: URENT1049905 | NUMBER OF PAGES, INCLUDING COVER: 02 |
|---|---|

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (619) 696-6700 AS SOON AS POSSIBLE.

**MESSAGE:**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.