**RYAN & FONG**
**TIMOTHY J. RYAN - 99542**
**REBEKKA R. MARTORANO - 173600**
2379 Gateway Oaks Drive, Suite 100
Sacramento, California 95833
Telephone: (916) 924-1912
Facsimile: (916) 923-3872

Attorneys for Defendant
DEERE & COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANNA SANCHEZ (an individual); JUANNA SANCHEZ (as Guardian ad Litem for minor SUSANA SAMAGUEY); SANDRA SAMAGUEY; JUAN JESUS SAMAGUEY; GUILLERMINA ANDREA; and THE ESTATE OF JESUS SAMAGUEY<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED RENTALS, INC. (a corporation); DEERE AND COMPANY (a corporation); and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 08-03332 EMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br>**(FRCP 12(b)(6))**<br><br>Date: September 10, 2008<br>Time: 10:30 a.m.<br>Courtroom: C<br><br>The Honorable Edward M. Chen |

### I. NOTICE OF MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 10, 2008 at 10:30 a.m.[1], or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Deere & Company (Deere) will move the court to dismiss

---

[1] Deere & Company filed a Declination to Proceed Before a U.S. Magistrate Judge on July 15, 2008, and anticipates that the case will be re-assigned to a different judge, so that the hearing time and date may change.

1

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

the claims brought by plaintiff Juanna Sanchez (Sanchez) on her own behalf pursuant to FRCP 12(b)(6) because Sanchez fails to state a claim upon which relief can be granted, on the grounds that she does not have standing to pursue a wrongful death action as the common law spouse of plaintiffs' decedent, Jesus Samaguey. The motion will be based on this Notice of Motion and Motion and the Memorandum of Points and Authorities included herein, and the pleadings and papers filed herein.

## II. RELIEF SOUGHT

Deere seeks an order dismissing the claims by Juanna Sanchez, on the basis that she lacks standing and is therefore not a proper plaintiff in this action.

## III. POINTS AND AUTHORITIES

### A. Issue to be decided

The issue raised by this motion is whether Sanchez has standing to pursue this action for wrongful death, given that she alleges in her complaint that she is the common law wife of plaintiffs' decedent, Jesus Samaguey. California does not recognize common law marriages, and no facts are alleged that would establish an exception in this case.

### B. Statement of Relevant Facts

On February 19, 2008, plaintiffs Juanna Sanchez (an individual); Juanna Sanchez (As Guardian Ad Litem for Minor Susana Samaguey); Sandra Samaguey; Juan Jesus Samaguey; Guillermina Andrea; and the Estate of Jesus Samaguey[2] filed a complaint for damages in the Superior Court of California, County of Alameda, Alameda case number RG 08-371861. The complaint and summons were served on defendants Deere and United Rentals, Inc. on June 11, 2008. Pursuant to 28 U.S.C. sections 1441 and 1446, United Rentals filed a Notice of Removal to Federal Court on July 10, 2008. Deere joined in the Notice of Removal.

The complaint alleges causes of action for negligence, strict products liability, breach of express and implied warranty, and wrongful death. All six causes of action are based on the

---

[2]The complaint repeatedly refers to Jesus Samaguey as "Plaintiff Decedent Jesus Samaguey" or "Decedent Plaintiff Jesus Samaguey", however the decedent is not a plaintiff in this action, nor is it clear who is the representative of the estate of the decedent.

2

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION

allegation that plaintiffs' decedent Jesus Samaguey (hereinafter "Samaguey") was killed in an accident while he was using a tractor rented from United Rentals and manufactured by Deere & Company. The tractor allegedly rolled over and crushed Samaguey, resulting in his death. (See plaintiffs' complaint attached as Exhibit 1 to Notice of Removal, Docket #1, paragraphs 10, 12.)

### C.  Legal Argument

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is proper where the facts alleged in the complaint establish the plaintiff lacks standing. Sacks v. Office of Foreign Assets Control (9th Cir. 2006) 466 F.3d 764, 771 ("To survive a Rule 12(b)(6) motion to dismiss, [plaintiff] must allege facts (...) that, if proven, would confer standing upon him.").

Here, Sanchez does not have standing to pursue her claims for the wrongful death of Samaguey as the common law wife of the decedent. "The cause of action for wrongful death is 'a pure creature of the statute' and 'exists only so far and in favor of such person as the legislative power may declare.'" Rosales v. Battle (2003) 113 Cal. App. 4th 1178, 1182. The class of persons who may assert a wrongful death cause of action is limited to the decedent's heirs. Welch v. State of California (2000) 83 Cal. App. 4th 1374, 1377, citing Cal. Code Civ. Proc., § 377.60, subd. (a).

Specifically, § 377.60 provides in this regard as follows:

"A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:

(a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

(b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid. (...)."

#### 1.  Common Law Marriage Is Not Recognized under California Law

Plaintiffs' complaint alleges that "Plaintiff Juanna Sanchez is the common law wife of

3

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Decedent Jesus Samaguey." (Plaintiffs' complaint, para. 2). California abolished common law marriage in 1895. Welch, supra, at 1379 (citing Centinela Hospital Medical Center v. Superior Court (1989) 215 Cal. App. 3d 971, 975). Accordingly, the allegation that Sanchez is the common law wife of the decedent is insufficient to establish that Sanchez has standing to pursue a wrongful death action. See Welch, supra, at 1379 [appellants' contention that common law marriage vows established a valid marriage in California and that she was entitled to pursue wrongful death action as the surviving spouse was rejected as being "unreasonable as a matter of law because California abolished common law marriage in 1895"].

### 2. There Is No Allegation That the Marriage of Sanchez and Samaguey Was Recognized as a Valid Marriage in Another State

California recognizes the validity of marriages contracted in another jurisdiction. See California Family Code § 308 ["A marriage contracted outside this state that would be valid by the laws of the jurisdiction in which the marriage was contracted is valid in this state."] Here, plaintiffs' complaint makes no allegation that the alleged common law marriage of Sanchez and Samaguey was recognized as valid under the laws of a another state. Accordingly, the complaint on its face fails to establish that Sanchez has standing in this action pursuant to Family Code § 308.

### 3. There Are No Allegations to Indicate That Sanchez Was the Putative Spouse of Samaguey

Plaintiffs' complaint is also devoid of any allegations that suggest that Sanchez was the putative spouse of Samaguey, pursuant to Code of Civ. Proc. § 377.60(b). Sanchez makes no allegation that she was dependent on the decedent, or that she is the "surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid." (§ 377.60(b).) In Welch, the court provides as examples of a void or voidable marriage "an incestuous, bigamous or polygamous marriage or a marriage where one party was incapable of giving legal consent."Welch, supra, at 1377 (citing Fam. Code §§ 2200, 2201 and 2210.) Here, there are no facts indicating that Sanchez was the putative spouse of Samaguey.

## D. Conclusion

Based on the facts alleged, Sanchez does not have standing to pursue a wrongful death action

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1 | as the spouse of Samaguey, and her claims in this action should be dismissed.

Dated: July 17, 2008                    RYAN & FONG

                                        By:    /s/ Rebekka R. Martorano
                                           REBEKKA R. MARTORANO
                                           Attorneys for Defendant
                                           Deere & Company

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED; POINTS AND AUTHORITIES IN SUPPORT OF MOTION

RYAN & FONG
TIMOTHY J. RYAN - 99542
REBEKKA R. MARTORANO - 173600
2379 Gateway Oaks Drive, Suite 100
Sacramento, California 95833
Telephone: (916) 924-1912
Facsimile: (916) 923-3872

Attorneys for Defendant
DEERE & COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANNA SANCHEZ (an individual); JUANNA SANCHEZ (as Guardian ad Litem for minor SUSANA SAMAGUEY); SANDRA SAMAGUEY; JUAN JESUS SAMAGUEY; GUILLERMINA ANDREA; and THE ESTATE OF JESUS SAMAGUEY<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED RENTALS, INC. (a corporation); DEERE AND COMPANY (a corporation); and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. C 08-03332 EMC<br><br>[PROPOSED] ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>(FRCP 12(b)(6))<br><br>Date: September 10, 2008<br>Time: 10:30 a.m.<br>Courtroom: C<br><br>The Honorable Edward M. Chen |

Defendant Deere & Company's Motion to Dismiss For Failure to State a Claim Upon Which Relief Can Be Granted pursuant to FRCP 12(b)(6) was heard on September 10, 2008. Having considered the papers submitted by the parties and oral argument of counsel at the hearing, and good cause appearing, the court finds as follows:

Deere & Company's motion is GRANTED. Plaintiff Juanna Sanchez does not have standing pursuant to Cal. Code of Civ. Proc. Section 377.60 to pursue a wrongful death action as the common law spouse of plaintiffs' decedent, Jesus Samaguey. The claims brought by Juanna Sanchez on her own behalf are therefore DISMISSED with prejudice.

1

1  IT IS SO ORDERED.
2
3  Dated: _____        _____
4                                       Judge, United States District Court
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED